MATTER OF T——

In DEPORTATION Proceedings

A-7080184

*Decided by Board January 20, 1960*

Marriage—Between uncle and niece—Lawful for immigration purposes in some
instances—Voidable, not void, in Pennsylvania.

(1) Marriage of uncle and niece valid under the law of Czechoslovakia where
ceremony was performed and not subject to criminal sanctions under the
law of Pennsylvania where the parties cohabit is held lawful for immi-
gration purposes.

(2) Under Pennsylvania Marriage Law of 1953, marriages between uncle and
niece, although within prohibited degree of consanguinity, are regarded as
voidable rather than void. (Modifies *Matter of G——*, 6 I. & N. Dec. 337.)

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Not non-
quota as specified in the visa.
Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Visa pro-
cured by fraud or misrepresentation.

BEFORE THE BOARD

**Discussion:** The case comes forward on appeal from the order of
the special inquiry officer dated September 24, 1959, finding the re-
spondent subject to deportation solely on the first charge set forth
in the order to show cause and granting her the discretionary relief
of voluntary departure in lieu of deportation.

The facts are fully set forth in the decision of the special inquiry
officer. The record relates to a native and citizen of Czechoslovakia,
48 years old, female, who last entered the United States through the
port of New York on December 21, 1948, and was admitted upon
presentation of a nonquota immigrant visa. The nonquota immi-
grant visa was issued to her as the spouse of a United States citizen
whom she had married on June 7, 1948, at Prague, Czechoslovakia.

It has been established that the respondent's husband is her uncle,
the brother of her mother. The marriage certificate which was at-
tached to the visa application and made a part thereof indicates that
dispensation was granted by the proper authority to waive the ob-
stacle to the marriage by reason of "relation of third degree." The

529

respondent testified that when she appeared before the American Consul in Czechoslovakia she informed him that she was married to her uncle. It appears that at the time of the marriage the respondent was about 37 years of age and that her husband was 63 years of age. Despite the fact that the special inquiry officer was of the belief that the parties were married for the sole purpose of facilitating the respondent's entry into the United States and that the marriage was not consummated, it nevertheless appeared that the parties regarded themselves as married and that there was every intention to enter into a *bona fide* relationship of husband and wife which has been maintained for over 11 years past. Accordingly, the special inquiry officer found no fraud had been established and that the second charge stated in the order to show cause was not sustained. We agree with the result reached by the special inquiry officer as to the second charge.

The special inquiry officer has sustained the first charge in view of the fact that the parties to the marriage were uncle and niece and that such a marriage was void under the law of Pennsylvania, the residence of the uncle. This conclusion was reached in reliance upon *Matter of G——*, 6 I. & N. Dec. 337 (B.I.A., Oct. 14, 1954). That case likewise involved a citizen male resident of the State of Pennsylvania who married his niece in Italy on February 10, 1934. As in this case, a special dispensation had been granted; the marriage was undoubtedly valid in Italy, but the parties intended to reside in the Commonwealth of Pennsylvania where cohabitation of the parties to a marriage between uncle and niece was regarded as constituting the crime of incest.

A careful examination of the decision in *Matter of G——, supra*, reveals that the decision was greatly influenced by, and largely predicated upon, opinions furnished by the Attorney General to the Governor's office of the Commonwealth of Pennsylvania in November 1941 and March 1953, which were to the effect that a marriage between uncle and niece, no matter where contracted, would be regarded as void in Pennsylvania and that the cohabitation in Pennsylvania of the parties to such a marriage could result in conviction of the crime of incest.

It is evident that had it not been for the information received from the Governor's office and the Attorney General of the State of Pennsylvania, a contrary result would have been reached as it is made apparent from a study of *Matter of C ——*, 4 I. & N. Dec. 63. In that case the citizen uncle married his alien niece in Rhode Island, where the marriage was regarded as lawful. The uncle was a resident of the State of Pennsylvania and intended to reside there and cohabit with his wife after the marriage. A question as to the validity of the marriage was raised because of the statute in Penn-

sylvania (Act of June 24, 1939, *18 Purdon's Pa. Statutes*, section 4507) forbidding incestuous marriages and including within the statutory definition of prohibited marriages those between uncle and niece. It was found that such a marriage was voidable rather than void in the State of Pennsylvania and in the absence of specific authority to the contrary, there was no justification for assuming that it was the intention of the legislature of Pennsylvania to criminally prosecute persons lawfully married in another state because they cohabit in Pennsylvania where the celebration of such marriages is unlawful. Finding the marriage merely voidable rather than void *ab initio*, the conclusion was reached that the marriage was a valid one.

It is the general rule that the legality of a marriage is to be decided by the law of the place where it is celebrated, and if valid there, it is valid everywhere. Certain exceptions are recognized, and the rule is not applied to sustain polygamous marriages or those that are regarded as incestuous and immoral by the law of civilized nations. The presumption of the validity of a marriage duly celebrated is a very strong one and should be overturned reluctantly, and then only by persuasive specific evidence requiring a contrary finding. The marriage of an uncle and niece has long been considered lawful for immigration purposes if valid where performed and in the absence of proof that the state of the locus of their intended residence regarded the cohabitation of such persons therein as criminal. It is to be noted that Congress has not expressed any public policy excluding a spouse on the ground of consanguinity and that immigration laws are silent on this point; recourse must be had to state law for expressions of such public policy.[1] The position represented by the trend of the more modern cases is in accord with the general rule "that a marriage between persons of a class that the statute simply says shall not marry * * * is not void in the absence of a declaration in the statute that such a marriage is void."[2]

In the present case counsel for the respondent has, in connection with the appeal, pointed out that since the date of the authority relied upon in *Matter of G——*, 6 I. & N. Dec. 337, there has occurred a change in the law of the State of Pennsylvania. The Pennsylvania "Marriage Law of 1935" effective January 1, 1954,[3] provides in section 1–16 as follows:

All marriages within the prohibited degree of consanguinity or affinity as set forth in this act are hereby declared voidable to all intents and purposes,

---

[1] 37 Op. Atty. Gen. 102 (Mar. 2, 1933) involved a case where a resident of Virginia legally married his niece in Poland and the marriage was found valid in the absence of proof that the uncle went to Poland with the intention of marrying his niece, which he could not legally do in Virginia.

[2] *Hollingsworth Estate*, 261 P. 403; *State* v. *Yoder*, 130 N.W. 10.

[3] *Purdon's Pa. Statutes*, Title 48, Section 1, Act of August 22, 1953, P.L. 1344.

but when any of said marriages shall not have been dissolved during the lifetime of the parties, the unlawfulness of the same shall not be inquired into after the death of either of the parties thereto.

Section 1-24 of the same statute provides that all other acts and parts of acts are hereby repealed insofar as they are inconsistent with the provisions of this act. It, therefore, appears that a marriage of an uncle to a niece under Pennsylvania law is no longer a void marriage but is simply a voidable marriage, and unless dissolved, constitutes a valid marriage. Accordingly, the basis for the decision in *Matter of G——*, 6 I. & N. Dec. 337, which is predicated upon an Attorney General opinion that such marriages are void, is no longer applicable and the decision, therefore, can no longer be regarded as controlling. We shall, therefore, terminate the proceedings without remanding as requested by the Service Representative, since all that is involved is a question of law and not one of fact.

**Order:** It is ordered that the proceedings be and the same are hereby terminated.